# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11458
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 18, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

NATHAN DELANEY STORM,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:18-CR-12-1

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Nathan Delaney Storm was convicted of possessing 500 grams or more of methamphetamine, with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); possessing firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c); and possessing firearms as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He challenges the denial of his motion to suppress evidence seized during a warrantless search of his apartment.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-11458

First, Storm contends coercive police procedures rendered his consent involuntary. Second, he asserts a statement made after receiving warnings required by *Miranda v. Arizona*, 384 U.S. 436, 444–45 (1966), should have been suppressed, because the alleged coercive police procedures rendered the warnings ineffective.

When reviewing the denial of a suppression motion, our court reviews questions of law *de novo*; factual findings, for clear error. *United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005). Factual findings are "clearly erroneous if the court is left with the definite and firm conviction that a mistake has been committed". *United States v. Hernandez*, 279 F.3d 302, 306 (5th Cir. 2002) (internal quotations and citation omitted). Where, as here, the denial of a suppression motion is based on testimony at a hearing, "the clearly erroneous standard is particularly strong because the judge had the opportunity to observe the demeanor of the witnesses". *Santiago*, 410 F.3d at 197 (citation omitted). Further, we "review the evidence in the light most favorable to the prevailing party", in this instance, the Government. *Id.*

A warrantless search is presumptively unreasonable, subject to certain exceptions, including voluntary consent. *Id.* at 198. "The voluntariness of consent is a question of fact to be determined from a totality of the circumstances." *Id.* at 199 (citation omitted). To evaluate the voluntariness of consent, this court considers the following six factors, "all of which are relevant, but no one of which is dispositive or controlling":

> (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse to consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found.

*Id.* (citations omitted).

No. 18-11458

Although the district court did not make express factual findings in support of its finding Storm's consent was voluntary, our court can "independently review the record to determine whether any reasonable view of the evidence supports" the denial of the motion to suppress. *United States v. Yeagin*, 927 F.2d 798, 800 (5th Cir. 1991) (citation omitted). In doing so, we conclude it was not clearly erroneous for the district court to find Storm voluntarily consented to the search.

Storm's assertions to the contrary are unpersuasive. Testimony from the suppression hearing shows: the police treated Storm fairly, were courteous, and were nice to both Storm and his mother; Storm was calm and not argumentative when he was arrested; he confirmed his consent more than once; he was advised he did not have to consent and could withdraw his consent; he was cooperative and pointed the officers to the drugs in his bedroom; and there was no testimony that officers were pointing firearms at Storm when he consented. Further, the presentence investigation report shows Storm was 42-years-old at the time of his arrest, had completed the tenth grade and obtained his high school equivalency certificate, and had a history in the criminal justice system.

Regarding the *Miranda* issue, because Storm did not object in district court to the effectiveness of the *Miranda* warnings, review of the issue is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Storm must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

3

No. 18-11458

Concerning Storm's post-*Miranda* statement, he challenges only whether his waiver of *Miranda* rights and agreement to give a statement were voluntary in the light of the alleged coercive police procedures. To prevail, Storm must show, on plain-error review, that, under the totality of the circumstances, it was reversible plain error to find his post-*Miranda* statement to police resulted from a "free and deliberate choice", instead of its being the product of "intimidation, coercion, or deception". *United States v. Cardenas*, 410 F.3d 287, 293 (5th Cir. 2005) (citations omitted).

Based on the totality of the circumstances, it was not clear or obvious error to find Storm made a free and deliberate choice to waive his rights and make a statement to the police about his drug-trafficking activities. Along that line, there is no evidence his statement was elicited through intimidation, coercion, or deception. Storm's *Miranda* warning, waiver, and statement were all digitally recorded. There is no indication he expressed either an unwillingness to proceed with the interview or an interest in ending the questioning. Additionally, the presence of multiple police officers was insufficient to create the requisite plain error. *See id.* at 296. The same is true for the use of handcuffs to restrain Storm, without more. *See id.* at 295 & n.7.

AFFIRMED.

4